UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**REBECCA MEADOR, on behalf of**
**herself and all others similarly situated,**

    **Plaintiff,**

**v.**                                                 **Case No:  2:12-cv-65-FtM-29SPC**

**MILLENIUM PHYSICIAN GROUP,**
**L.L.C., RIVERSIDE FAMILY**
**PRACTICE, P.A. and PETER**
**LAUTENBACH,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on Plaintiff's Joint Motion for Approval of Proposed Settlement Agreement (Doc. #25) filed on November 2, 2012.  In this FLSA case, the Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendants and seek approval of the agreement.  The Court has reviewed the settlement agreement (Doc. #25-1) and now issues the following report and recommendation.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 et. seq.  The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982),  the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53.  The first

is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. Id. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

In this case, the Parties have agreed to a settlement amount, with a compromise reached between the parties regarding compensation of the Plaintiff's FLSA claim in the amount of $730.00, attorney's fees in the amount of $800.00, and costs in the amount of $470.00. The joint motion indicates that the attorney's fees were negotiated separately and without regard to the amount paid to the Plaintiff in settlement of her claims. Upon review of the settlement agreement, it appears that the settlement agreement is between Plaintiff, Rebecca Meador, and Defendants Millennium Physician Group, LLC, Riverside Family Practice, PA, and Peter Lautenbach, individually, for full settlement and release of Plaintiff's claims.

Plaintiff and Defendants agree that the Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Because the

Parties inform the Court that the terms of the settlement were made, with compromise, for all the work the Plaintiff performed on the Defendants' behalf, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) Plaintiff's Joint Motion for Approval of Proposed Settlement Agreement (Doc. #25) should be **GRANTED** and the settlement agreement between Plaintiff and Defendants be **APPROVED** by the District Court**.**

(2) It is further respectfully recommended that the case be **DISMISSED with prejudice** pursuant to the agreement of the Parties.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 5th day of November, 2012.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record